IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

CASE №: 22-CA-000760

PAUL COOK,

      Plaintiff,

v.

WAL-MART STORES EAST, LP;
and DAVE HISSEY,

      Defendants.

_____/

## FIRST AMENDED COMPLAINT

Plaintiff PAUL COOK brings this lawsuit against Defendants WAL-MART STORES EAST, LP ("Walmart") and DAVE HISSEY and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### THE PARTIES

1. Plaintiff at all material times, was a citizen and resident of Florida.

2. Walmart is a foreign corporation which does business in Lee County, Florida.

3. Defendant DAVE HISSEY. is a citizen of the State of Florida. Defendant DAVE HISSEY does business in Lee County, Florida.

///

///

///

///

1

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and section 26.012(2), Florida Statutes. The matter in controversy exceeds the sum or value of $75,000 exclusive of interest, costs, and attorney's fees.

5. Defendants are subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendants' contacts with this state.

6. Venue for this action is proper in this Court pursuant to section 47.051, Florida Statutes, because Defendants (1) do business in this state; and (2) have committed their tortious activity in Lee County, Florida.

**FIRST CAUSE OF ACTION**
**PREMISES LIABILITY**

7. On or about March 25, 2021, Plaintiff entered the premises known and described as 4770 Colonial Blvd, Fort Myers, FL 33966 (the "Store"). The Store was open to the general public, including Plaintiff.

8. Plaintiff went to the Store to shop for the consumer goods that Defendants offered to the general public. Accordingly, Plaintiff was a business invitee of Defendants at the Store.

9. At all times material to this litigation, the Defendants were in full possession and complete control of the Store, in that: (1) Walmart was the sole owner in fee simple and only occupants of the premises that are the subject of this litigation, and (2) DAVE HISSEY was the Store's manager.

10. Defendants negligently owned, operated, cleaned, maintained, managed, supervised and/or monitored the Store's premises

11. While a business invitee at the Store, Plaintiff was seriously and permanently injured as a direct result of the Defendants' negligence and lack of due care, in that a seat on a commode located in the Store's bathroom was not secured to the device causing Plaintiff to slip and fall and be seriously injured.

12. Defendants had actual notice, or in the alternative, had constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.

13. Defendants negligently failed to warn Plaintiff of a dangerous condition about which Defendants had, or should have had, knowledge greater than that of Plaintiff.

14. Plaintiff's injuries and consequent damages were the direct and proximate result of the Defendant's negligent acts and omissions, as well as duty owed to Plaintiff, and breach of that duty by Defendants, *i.e.*, a negligent maintenance of the premises so as to create a hidden danger by failing to secure the seat on the commode, and negligent failure to warn Plaintiff of that hidden danger of which Defendants knew, or should have known, but which was hidden from Plaintiff.

15. As a further direct and proximate result of Defendants' negligence and want of due and reasonable care, the Plaintiff has incurred expenses, fees, and costs of medical care and attention to his injuries, including physician's fees; medications and medical supplies; adverse side effects from necessary medical care and treatment, incurred transportation costs to and from various physician's offices, and suffered a loss of income and the loss potential to earn income.

16. As a further direct and proximate cause of Defendant's negligence and lack of due and reasonable care described *supra*, Plaintiff has suffered great physical and mental pain,

loss of consortium, and will continue to suffer such pain for the indefinite future, for which Plaintiff should also be compensated by Defendants.

17. As a further direct and proximate cause of Defendants' conduct described *supra*, Defendants caused Plaintiff severe emotional distress, *i.e.*, he has sustained injuries to his mind, body, spirit, and person, and both personal physical injuries and mental suffering and emotional distress. All of these injuries have caused, and continue to cause, Plaintiff to suffer damages including, but not limited to, loss of quality of life, in an amount to be determined according to proof at trial, but in an amount greater than this Court's minimum jurisdictional limit.

18. As a further direct and proximate cause of Defendants' conduct described *supra*, Plaintiff incurred medical expenses and/or will incur medical expenses in the future.

<u>**SECOND CAUSE OF ACTION**</u>
<u>**NEGLIGENCE**</u>

19. Plaintiff incorporates by reference every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

20. Defendants at all material times had a duty to ensure that invitees into the Store, were safeguarded from dangerous conditions.

21. Defendants had maintained the Store, and its bathroom, for years and were fully aware of the fact that the seat was not secured to the commode.

22. Defendants had constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.

23. Defendants breached their duty to Plaintiff by failing to ensure that the seat was secured to the commode, or take any other action to secure invitees to the Store against the dangers that the commode presented invitees.

24. Further, Defendants breached their duty owed to Plaintiff by committing one or more of the following omissions or commissions:

a. Defendants negligently failed to maintain or adequately maintain the premises, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b. Defendants negligently failed to inspect or adequately inspect the premises, as specified above, to ascertain whether commode was a hazard to persons utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

c. Defendants negligently failed to inspect or adequately warn the Plaintiff of the danger of the premises, when Defendant knew or through the exercise of reasonable care should have known that said premises was unreasonably dangerous and that Plaintiff was unaware of same;

d. Defendants negligently failed to correct and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the commode on Defendants' premises, when said condition occurred with regularity and/or was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

e. Defendants negligently failed to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the premises/flooring for dangerous conditions.

f.  Defendants negligently failed to train and/or inadequately training its employees to inspect the premises for dangerous conditions;

g.  Defendants negligently failed to follow their own corporate policy(ies) and procedures regarding the dangerous condition;

h.  Defendants negligently failed to act reasonably under the circumstances;

i.  Engaged in a mode of operations when Defendants knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

j.  Defendants negligently failed to render aid to the Plaintiff after her fall and/or negligently rendering aid to the Plaintiff after his fall; and

k.  Defendants negligently engaging in a routine practice of business that was unreasonable to what is customary for the business community in and/or around where the subject incident occurred.

25. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, inconvenience, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition both in the past and into the future. The losses are either permanent or continuing and Plaintiff will suffer these losses into the future and has already suffered same in the past.

26. As a direct and proximate result of Defendants' conduct, acts, and omissions described *supra*, Defendants caused Plaintiff severe emotional distress, *i.e.*, he has sustained

injuries to his mind, body, spirit, and person, and both personal physical injuries and mental suffering and emotional distress. All of these injuries have caused, and continue to cause, Plaintiff to suffer damages including, but not limited to, loss of quality of life, in an amount to be determined according to proof at trial, but in an amount greater than this Court's minimum jurisdictional limit.

27. As a direct and proximate result of conduct described *supra*, Plaintiff incurred medical expenses and/or will incur medical expenses in the future.

### THIRD CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28. Plaintiff incorporates by reference every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

29. Defendants' intentional or reckless and/or conduct described *supra* was outrageous and beyond all bounds of decency and utterly intolerable in a civilized community.

30. Defendants' conduct described *supra* caused the Plaintiff severe emotional distress, *i.e.*, he has sustained injuries to his mind, body, spirit, and person, and both personal physical injuries and mental suffering and emotional distress. All of these injuries have caused, and continue to cause, Plaintiff to suffer damages including, but not limited to, loss of quality of life, in an amount to be determined according to proof at trial, but in an amount greater than this Court's minimum jurisdictional limit.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

        a.      That the Court award Plaintiff judgment against Defendant in such sums as shall be determined to fully and fairly compensate Plaintiff for all general, special, incidental and consequential damages incurred, or to be

incurred, by Plaintiff as the direct and proximate result of Defendants' acts and omissions. These include, but are not limited to, physical pain and suffering, both past and future; medical and medical related expenses, both past and future; travel and travel-related expenses, both past and future; emotional distress and future emotional distress; pharmaceutical expenses, both past and future; wage loss; and other ordinary, incidental and consequential damages as would be anticipated to arise under the circumstances;

b.      Leave to file for punitive damages upon further proof in accordance with the requirements of section 768.72, Florida Statutes;

c.      For pre-judgment interest;

d.      For costs of suit incurred herein;

e.      For such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that Defendants take affirmative steps to preserve all records, lists, photographs, videos, electronic databases or other documents regarding the facts alleged in this Complaint.

///

///

///

///

///

DATED:  March 11, 2022

Respectfully Submitted,

**ZERMAY LAW, P.A.**

Zachary Z. Zermay, Esq.
Florida Bar №: 1002905
203 Labelle Avenue
Fort Myers, FL 33905
Email: zach@zermaylaw.com
Telephone: 239-699-3107
*Attorney for Plaintiff*