UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAUL COOK,

    Plaintiff,

v.                                                        Case No:   2:22-cv-186-JLB-NPM

WALMART STORES EAST, LP and DAVE
HISSEY,

    Defendants.

## ORDER

Paul Cook has sued Walmart Stores East, LP ("Walmart") and Dave Hissey for premises liability, negligence, and intentional inflection of emotional distress. Walmart removed the matter from Florida state court, asserting that Mr. Cook named Mr. Hissey—a Florida citizen and the store manager of the Walmart in which Mr. Cook's accident occurred—solely to defeat this Court's diversity jurisdiction.  (Doc. 1.)  Mr. Cook moves for remand, arguing that he has stated a colorable claim against Mr. Hissey.  (Doc. 15.)  The Court agrees with Mr. Cook. Walmart has not met its heavy burden in showing that there is no possibility Mr. Cook can state a claim against Mr. Hissey.  Accordingly, this case is **REMANDED**.

## BACKGROUND

While shopping at a Walmart store in Fort Myers, Florida, Mr. Cook went to use the restroom but fell off the toilet because the seat was not properly secured. (Doc. 1-1 at ¶¶ 7, 11.)  Mr. Hissey was the store manager of this Walmart.  (Id. at ¶ 9.)  Among other things, Mr. Cook alleges that Mr. Hissey along with Walmart

had "maintained the Store, and its bathroom, for years and [was] fully aware of the fact that the seat was not secured to the commode." (Id. at ¶ 21.) Mr. Cook also alleges that Defendants had a duty to protect Mr. Cook from dangerous conditions at Walmart but neither fixed the toilet seat nor warned Mr. Cook of the seat's condition. (See id. at ¶¶ 21–24.)

Walmart removed the matter from state court on March 22, 2022. (Doc. 1.) Walmart argues that complete diversity exists among the parties because it is a citizen of Delaware and Arkansas, while Mr. Cook is a citizen of Florida. (Id. at ¶¶ 13–14.) While Mr. Hissey's citizenship is not pleaded in the Notice of Removal, Mr. Cook states that Mr. Hissey is also a citizen of Florida. (Doc. 1-1 at ¶ 3.) Walmart asserts that there is no reasonable basis for a claim against Mr. Hissey, and that Mr. Cook simply named Mr. Hissey as a Defendant in "a transparent attempt to destroy complete diversity." (Doc. 1 at ¶ 21.)

Mr. Cook notes he has adequately alleged Mr. Hissey's personal liability, thereby stating a colorable claim against him. (Doc. 15 at 7–8.) He requests that this matter be remand to state court along with an award of fees. (See Doc. 15.) Walmart counters that Mr. Cook "has not included any allegations that [Mr.] Hissey personally acted negligently resulting [i]n the alleged incident. Under Florida law, such allegations are insufficient to establish personal liability." (Doc. 17 at 5.) Thus, the sole issue before the Court is whether Mr. Cook named Mr. Hissey as a Defendant to defeat diversity jurisdiction.

## DISCUSSION

District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  "However, [w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332 (11th Cir. 2011) (quotation omitted).  When a removing party alleges such fraudulent joinder, as Walmart does here, "the removing party has the burden of proving . . . there is no possibility the plaintiff can establish a cause of action against the resident defendant," (i.e., Mr. Hissey).  Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997).  This burden "is a heavy one."  Id. (quotation omitted).

"To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff."  Id. The Court is "not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law."  Id.  "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."  Stillwell, 663 F.3d at 1333 (quotation omitted).  "In other words, [t]he plaintiff need not have a winning case

against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." Id. (quotation omitted).

The Court notes that the matter before it is a close call. Mr. Cook's state court pleading is rife with conclusory allegations that do not readily lend themselves to an analysis of Mr. Hissey's precise actions or omissions. (See Doc. 1-1.) For example, Mr. Cook makes no distinction between Walmart and Mr. Hissey, referring to both in virtually every paragraph as "Defendants" while simply reciting the elements of a negligence claim with little indication of which duties were attributable to Mr. Hissey and which were attributable to Walmart. (See id. at ¶¶ 19–27.) Nonetheless, though Walmart relies on these issues in urging the Court to disregard Mr. Hissey's citizenship (Doc. 17 at 5), these potential pleading defects have little bearing on the issue of fraudulent joinder.

First, the standard for evaluating fraudulent joinder "differs from the standard applicable to a 12(b)(6) motion to dismiss." Stillwell, 663 F.3d at 1333. That plausibility standard "asks more than a sheer possibility that a defendant has acted unlawfully. In contrast, all that is required to defeat a fraudulent joinder claim is a possibility of stating a valid cause of action." Id. (quotation and citation omitted).[1] Second, "[w]hen multiple defendants are named in a complaint, the allegations can be and usually are to be read in such a way that each defendant

---

[1] See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

having the allegation made about him [or it] individually." Crowe, 113 F.3d at 1539.

The "law [in Florida] is clear to the effect that officers or agents of corporations," like Mr. Hissey, "may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment." White v. Wal-Mart Stores, Inc., 918 So. 2d 357, 358 (Fla. 1st DCA 2005). "[T]o establish liability, the complaining party must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault." Id. Put differently, "[o]fficers of a corporation are not liable for corporate acts simply by reason of the officer's relation to the corporation." E & A Produce Corp. v. Olmo, 864 So. 2d 447, 448 (Fla. 3d DCA 2003).

Here, Walmart cannot show that Mr. Cook "lacks any basis whatsoever for [his] negligence claim against" Mr. Hissey. (Doc. 17 at 5.) Mr. Cook has alleged, among other things, that Mr. Hissey: (1) had a duty to ensure Mr. Cook was safeguarded from dangerous conditions; (2) "had maintained the Store, and its bathroom, for years and [was] fully aware of the fact that the seat was not secured to the commode"; and (3) breached his duty to Mr. Cook "by failing to ensure that the seat was secured to the commode" and "failing to inspect or adequately warn" Mr. Cook "of the danger of the premises." (Doc. 1-1 at ¶¶ 20, 21, 24(c).) These statements "alleging that [Mr. Hissey] was directly responsible for carrying out certain responsibilities; that he negligently failed to do so; and that, as a result,

[Mr. Cook] was injured," suggest an active negligence on Mr. Hissey's part. White, 918 So. 2d at 358. "Such allegations are legally sufficient to withstand a motion to dismiss for failure to state a cause of action" under Florida law. Id.

Finally, the Court turns to two housekeeping matters. First, Mr. Cook's request for fees is due to be denied. Under section 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, "[a]bsent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Bauknight v. Monroe Cnty., Fla., 446 F.3d 1327, 1329 (11th Cir. 2006) (quoting Martin v. Franklin Cap. Corp., 546 U.S. 132 (2005)). Mindful of the split among the district courts in addressing similar fact patterns, Walmart cannot be found to have lacked an objectively reasonable basis for seeking removal. See Order, Fashingbauer v. Wal-Mart Stores East, L.P., No. 2:20-cv-523 (M.D. Fla. Oct. 13, 2020), ECF 26 at 7–8 nn.6–7.

Second, the Court also notes that Mr. Hissey has moved to dismiss the allegations against him for failure to serve process under both the Federal Rules of Civil Procedure and the Florida Rules of Civil Procedure. (Doc. 37.) Since the Court is remanding this matter, it will deny the motion as moot to allow the parties an opportunity to resolve this procedural dispute in state court.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Remand and for Attorney's Fees (Doc. 15) is **GRANTED IN PART** and **DENIED IN PART**.

2. This matter is **REMANDED** to the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida, Case No. 22-CA-000760. The motion is **DENIED** to the extent it seeks any greater or different relief than this Order grants.

3. Defendant Dave Hissey's Motion to Dismiss for Failure to Serve Process (Doc. 37) is **DENIED WITHOUT PREJUDICE** as moot in light of this Order.

4. The Clerk of Court is **DIRECTED** to transmit a copy of this Order and Defendant Dave Hissey's Motion to Dismiss (Doc. 37) to the Clerk of the Twentieth Judicial Circuit. The Clerk is **further** directed to terminate any pending deadlines and close the file.

**ORDERED** at Fort Myers, Florida, on July 21, 2022.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE